BROWN & SHARPE MANUFACTURING COMPANY *vs.*

THOMAS LAVOIE.

JULY 28, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

Condon, J. This is an employer's petition to review a preliminary agreement. After a hearing before a single member of the workmen's compensation commission he found

that the respondent was no longer incapacitated by the injuries set out in such agreement. A decree to that effect was thereafter entered and the respondent duly appealed therefrom to the full commission. In accordance with the provisions of public laws 1954, chapter 3297, article III, sec. 3 (g), it reviewed the decree upon the record of the case, and thereafter entered a new decree affirming the decree of the commissioner. From such decree the respondent has appealed to this court.

In support of his appeal, respondent relies upon six specific reasons of appeal. Under the first five reasons he contends that the decree is without any basis in fact, is contrary to the medical evidence, and generally is against the law and the evidence and the weight thereof. Under his sixth reason he claims that the single commissioner erroneously admitted in evidence the report of an impartial medical examiner without giving respondent an opportunity to cross-examine the author of the report. He did not raise such question by a similar specific reason of appeal to the full commission.

The first five reasons of appeal raise only the following question: Does chapter 3297 authorize this court, on an appeal from a decree of the workmen's compensation commission, to weigh the evidence and decide for itself whether such decree is supported by a fair preponderance? A further question arises because of petitioner's objection to our considering respondent's sixth reason of appeal. The petitioner contends that since the issue raised by that reason was not specifically presented to the full commission for their determination it may not now be raised for the first time in this court.

It is not necessary to discuss the evidence at length to answer those questions. As we understand respondent he does not deny that on the record as it stands there is some legal evidence to support the decree. In any event from our examination of the transcript we are satisfied that

there is such evidence. However, before answering the above questions we shall first relate certain evidence to show how they arose.

The respondent was injured on December 17, 1953. Under the preliminary agreement, which was entered into by the parties on December 29, 1953, petitioner paid respondent compensation for total incapacity until September 9, 1954. On the previous day, at the conclusion of the hearing on the petition for review before the single commissioner, he announced that he was convinced respondent was no longer totally incapacitated but was in doubt whether he was still partially incapacitated. To resolve that doubt he decided that respondent should be examined by an impartial medical examiner. In the meantime without objection from respondent he entered an interlocutory decree dated September 9, 1954. Such decree suspended further payments for total incapacity but provided for payments for partial incapacity and "That this matter is continued for decision upon the receipt of the report of the impartial medical examiner to be appointed by the Commission."

Doctor Ernest D. Thompson was appointed and he examined respondent on September 16, 1954. He duly filed his report to the commission and a copy thereof was sent to respondent's counsel. The respondent took no action with reference to such report. On October 11, 1954 the commissioner filed a written decision finding that respondent was no longer incapacitated, totally or partially, by the injuries described in the preliminary agreement. A final decree to that effect was entered on October 14, 1954.

The respondent appealed therefrom to the full commission and in support thereof filed five reasons of appeal which are identical with the first five reasons of appeal he subsequently filed in support of his appeal to this court. He did not specifically object to Dr. Thompson's report as part of the evidence. Consequently such report was included in the record of the case upon which the full commission reviewed

the decree. On that record it approved the single commissioner's decision and entered a new decree expressly affirming his decree. It is this decree of the full commission based on such record that respondent's appeal brings here for review.

In these circumstances no objections to any evidence in that record can be heard by us on such appeal. If the action of the single commissioner in admitting Dr. Thompson's report in evidence was erroneous, and respondent desired to exclude it from consideration, he should have filed a specific reason of appeal to that effect so that the full commission could pass upon his objection. Having failed to file such reason of appeal, respondent is precluded from raising that question here. On an appeal from the decree of a single commissioner as affirmed by the full commission we will review only those matters which were brought by specific reasons of appeal to the full commission. The respondent's sixth reason of appeal, therefore, will not be considered.

We shall now consider his first five reasons of appeal. Under his first reason he makes two contentions. He first argues that the decree is against the law because of the admission of Dr. Thompson's report in evidence. This is the same contention that was made under the sixth reason of appeal. Such contention cannot properly be made under a general reason of appeal that the decree is against the law. The alleged error occurred in the proceedings before the single commissioner. Under the former statute such error could be reviewed on appeal only by a reason of appeal stating specifically the matter determined adversely to the appellant. *Campisani* v. *Sun Dial Optical Co.*, 80 R. I. 307. And the same is true under the present statute. P. L. 1954, chap. 3297, art. III, secs. 3 (g), 6 (b).

The respondent's second contention is that the decree is void because it does not correspond with the copy which was served upon him before the decree was entered. It is stated in such copy: "The findings of fact and the orders

contained in a Decree of this Commission entered on August 30, 1954 be, and they hereby are, affirmed." The decree of record reads: "October 14, 1954." The respondent asserts that such later date is typed over an erasure; that he has no knowledge of the time when it was done; that he never received notice thereof; and that he has never received a copy of the decree as thus corrected. There is no merit in this contention even though such assertions be true. On this appeal he may not challenge the accuracy of the commission's record. In view of the judicial powers vested in the commission its records of adjudications in the exercise of its jurisdiction import verity. If in fact its record in a particular instance does not speak the truth it should be first challenged in direct proceedings before the commission.

The next four reasons of appeal relate to the probative force of the evidence and in substance raise the same question, namely, whether petitioner has proved by a fair preponderance of the evidence that respondent is no longer incapacitated by the injuries set forth in the preliminary agreement. The respondent contends that chap. 3297 confers upon this court the power to weigh the evidence of record and determine for itself where the preponderance lies, in the same manner as the full commission is authorized to do on appeal from the decree of a single commissioner.

Under the former statute, on an appeal from a decree of the superior court, we examined the evidence solely for the purpose of determining whether the decree was supported by legal evidence. *Bahry* v. *City Fabrics, Inc.,* 80 R. I. 411; *Jillson* v. *Ross,* 38 R. I. 145. The respondent construes chap. 3297 as authorizing us to go further. He claims it is now the right and duty of this court to weigh the evidence whenever it is stated in a reason of appeal that the decree appealed from is against the evidence and the weight thereof.

In support of his construction of the statute he relies upon the following provision in P. L. 1954, chap. 3297,

art. III, sec. 4: "The decree entered by the workmen's compensation commission *acting within its powers* shall in the absence of fraud be *final* * * * ." He also cites the provision of sec. 3 (g) which reads: "The full commission shall forthwith review the decree upon the record of the case and shall file a decision pursuant to the law and *the fair preponderance of the evidence* * * *." The respondent contends that the words which we have italicized are significant and show an intention on the part of the legislature to broaden the scope of appellate review. He especially argues that in using the word "final" rather than "conclusive," which was in the former act, the legislature evinced an intention to remove the barrier that prevented this court from determining whether the decree appealed from was consonant with the fair preponderance of the evidence.

We cannot agree with respondent's construction. In our opinion it goes beyond the reasonable import of the language singled out and relied upon, and overemphasizes slight variances in phraseology. For example, there is in fact no significant difference between the words "conclusive" and "final" in the respective contexts in which each appears. In each instance the word is used to convey the idea that after the entry of a decree containing findings of fact there was to be no further inquiry into the facts by any other tribunal except for fraud.

The other provisions relied upon by respondent are of even less moment. They do not add anything that was not implicit in the former statute. It was taken for granted that the superior court in hearing a case thereunder would not deliberately act beyond its powers, but would decide the case pursuant to law and in accordance with the fair preponderance of the evidence. If it followed a different rule of evidence we would reverse its decree for error of law, but we would not go further and weigh the evidence. On the contrary we would remand the cause to the superior court with direction to consider the evidence in accordance

with the correct rule. What was thus implicit in the former statute is now explicit in chap. 3297, and the commission must conform to the same rules in those respects as the superior court was obligated to do.

In the case at bar respondent does not contend that the commission followed a different rule from the fair preponderance rule. What he claims is that in weighing the evidence it has erred in its judgment of where the fair preponderance lies and that it is incumbent upon this court under his construction of chap. 3297 to weigh the evidence and decide that question for ourselves. In our opinion none of the provisions upon which respondent relies warrants his construction of the chapter.

However, he argues further that the legislature, by authorizing the full commission to weigh the evidence and by providing for an appeal to this court, intended that the ultimate decision on the facts as well as the law should rest here. He claims that the legislature acted in accordance with such view when it expressly deprived the single commissioner of the exclusive final jurisdiction over the facts which was formerly vested in the superior court, notwithstanding that the commissioner is the only trier of the facts who sees and hears the witnesses. In other words, respondent claims that the legislature wanted to do away with decisions on the facts by one trier by subjecting his findings to review by the full commission and ultimately by this court.

Such a view may be arguable but it does not commend itself to us in the light of what the legislature was trying to accomplish in removing workmen's compensation cases from the office of the director of labor and the superior court to a commission especially established for hearing only such cases. One of the chief objectives of that legislation was to expedite the adjudication of cases and to eliminate certain abuses incident to the circuitous procedure under the former act. A construction of P. L. 1954, chap

3297, that would make this court a second trier of the facts on the record in addition to the full commission would, in our opinion, retard rather than expedite final adjudication. In cases where the facts were closely contested the losing party would probably not be content to cease litigating the controversy until he had obtained an adjudication of the facts by this court. We think it altogether unlikely that such a result was intended by any of the procedural provisions of art. III of said chapter.

We agree with respondent that the legislature did intend to do away with final adjudications of the facts by one trier. They very clearly expressed that intention in chap. 3297, art. III, sec. 3 (g), by authorizing the full commission to review the decree of the single commissioner upon the record of the case and to file a decision pursuant to the fair preponderance of the evidence. But the legislature stopped there and did not repeat that language in sec. 4 where they provided for the taking of an appeal to this court from a decree of the full commission. It seems to us that if they had intended to make this court a second trier of the facts upon the record by authorizing us to weigh the evidence nothing would have been simpler than to repeat the language of sec. 3 (g). That they did not do so is significant and in our opinion militates strongly against all the contentions advanced by respondent in support of his construction of the chapter.

We are, therefore, of the opinion that the scope of this court's review of a decree of the full commission is no broader than it was in reviewing a decree of the superior court under the former statute. Hence in the case at bar the decree of the commission, being based upon some legal evidence, cannot be disturbed by this court.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded

to the workmen's compensation commission for further proceedings.

*Worrell & Hodge, Eldridge H. Henning, Jr.,* for petitioner.

*Edward I. Friedman,* for respondent.