MARIA SANGERMANO *vs.* BROWN & SHARPE MANUFACTURING COMPANY *et al.*

MAY 31, 1956.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

ANDREWS, J.  This is a petition for commutation of weekly payments under the workmen's compensation act, general laws 1938, chapter 300, article II, §25, as amended by public laws 1954, chap. 3297.  It was heard by a single commissioner who entered a decree denying and dismissing the petition. The case was appealed to the full commission which affirmed the decree of the single commissioner, whereupon the petitioner appealed to this court.

The petitioner is the widow and dependent of her late husband, who died from injuries received in an accident arising out of and in the course of his employment with the respondent.  She gave as her reason for desiring a commutation the fact that she wanted $2,000 to open a pastry-bakery shop because she could not get along on her income. She was fifty-four years old and in good health.  There is evidence that she had not worked for years and none that that she had tried to get a job.  She testified that she owned a two-family house on which there was a substantial mortgage; that one of her sons lived upstairs and paid her $45 a month rent, but that heating, taxes and other expenses

took all her income. She also testified that she had nearly $1,500 in the bank in February 1954 and that in the next ten months she had reduced it to about $25 for one purpose only "to pay my bills."

The property in which the petitioner was interested was owned by Antonio DeCubellis who was also a client of her attorney. DeCubellis testified that prior to the death of his wife a few years before the hearing he had operated this business and grossed $1,400 and netted $700, which later he said was $500 or $600 a week; that he gave it up and rented it for $250 a month, but at the end of two and a half years he evicted the tenant; that he then rented it for $125 a month; and that after a year and a half this tenant went to Italy. The evidence shows that at the time of the hearing the place had been vacant for over a year and a half.

The petitioner was wholly without experience in managing a business either on her own account or for others. She said that she, her sons and a daughter-in-law would run the pastry-bakery shop but there was no evidence that any of them knew anything about the bakery or any other business. DeCubellis testified that she would have to hire a pastry baker at $75 to $80 a week. The petitioner was obviously under the impression that she would have to pay only $50 a month for the premises, but DeCubellis said it was $100, that is, $50 for the store and $50 for the pastry shop. The petitioner gave no account of the probable additional expenses of operating the business other than saying that her sons and daughter-in-law would work for nothing.

It appeared that DeCubellis' sons were running a bread bakery in the rear of this property and turning out 10,000 loaves a day. It further appeared that this business had been given to his children when he gave it up several years ago and it could be inferred that while he was running the bread and pastry businesses he had netted some such figure as he testified, but it was quite apparent that petitioner

believed that this amount was derived solely from the pastry-bakery-shop that she wanted to buy. DeCubellis posed as a rich man anxious to help this widow get started in business, but she testified that he had refused to do business with her on credit. When pressed on cross-examination he said that if she would deposit in the bank $2,000, the agreed price for the equipment, and pay the rent, then if she did not make money by the end of six months she would not have to pay for the equipment. This promise was illusory because if she was making only a few dollars at the end of six months she would still be unable to avoid paying for the equipment.

The sole question the commission had to decide was: Would the commutation in the petitioner's circumstances be for her best interest? It is well settled that the discretion to grant or refuse commutation is vested in the commission and that whichever way it is exercised, if there is any evidence to support the decision, that decision is final. That this is the rule was admitted at the hearing before us.

It has always been the view of this court that it is the policy of the law to have weekly payments continue and that policy is expressly declared in P. L. 1954, chap. 3297, art. II, sec. 24, in the following words which were added when the section was amended: "In considering the petition a commissioner shall give due weight to the fact that it is the policy of this chapter that compensation be paid weekly." In *Bacon* v. *United Electric Rys.*, 51 R. I. 84, at page 86, this court stated: "The authorities agree that only exceptional circumstances can justify a departure from the general rule of periodical payments of compensation."

The written decision of the single commissioner shows that he was familiar with the principles governing this type of case and after discussing the facts and the law he said: "I feel that the proposed use of the commutation would be an unwise investment." The full commission found, after reading the record and transcript, that "accord-

ing to law, equity, and the fair preponderance of the evidence, the Decree appealed from should be affirmed."

The commission could well have based its decision upon the inexperience of the petitioner or the reasonable inference, based on the downward trend of this property to the point where it had been vacant for a year and a half, that the proposed venture was too risky for this woman, or on other facts appearing directly or by reasonable inference from the evidence. Thus it appears that the commission did not abuse its discretion.

There remains to consider the petitioner's suggestion that the failure of the single commissioner to make findings may have deprived her of her day in court. Assuming that he did not make findings, that point should have been taken in her appeal to the full commission and cannot for the first time be raised in the appeal from the full commission to us. *Brown & Sharpe Mfg. Co.* v. *Lavoie,* 83 R. I., 335, 339, 116 A.2d 181, 183. In the instant case this point was not made in either appeal.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission.

*Isidore Kirshenbaum,* for petitioner.

*Worrell & Hodge, Lee A. Worrell,* for respondents.