JOHN MNYCH *vs.* LIPPITT WORSTED MILLS, INC.

MARCH 28, 1957.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

CONDON, J. This is an original petition for workmen's compensation which was denied by a single member of the workmen's compensation commission. From a decree of the full commission sustaining the trial commissioner's decree the petitioner has appealed to this court.

In support of his appeal he contends that the commission erred in finding, first, that he did not sustain any injury to the biceps muscle of his left arm in the accident of November 16, 1948; and secondly, that he has not been and is not now disabled as a result of the injuries he sustained in that accident.

The petitioner alleged in his petition that he was injured at his work as a weaver in respondent's plant on that date in the following manner: "Fell on oily floor in plant striking his left elbow and wrenching his arm. Struck his upper arm muscles and fractured bone in left shoulder." He therein described the character and extent of such injuries as "Rupture of the belly of the biceps and severed portions of said muscle in the upper left arm * * *." This petition was filed on December 14, 1954, more than six years after the alleged accident. In the meantime he had suffered another injury to his left arm.

At the hearing before the trial commissioner, petitioner and three doctors, who had examined or treated his left arm during that period, testified. The plant nurse to whom petitioner first reported the accident of November 16, 1948 and the controller of the plant in charge of the wage records of its employees also testified. From the facts developed by such testimony the trial commissioner found that petitioner sustained a contusion of his left elbow, which injury arose out of and in the course of his employment and was referable thereto. But he also found that petitioner did not sustain an injury to his left shoulder or to the biceps muscle of his left arm on November 16, 1948, and that the

contusion of his left elbow had never disabled and is not now disabling him.

The petitioner argues that there is no evidence to support those two findings and that there is evidence that he suffered a ruptured biceps on November 16, 1948 which finally disabled him either totally or partially on December 14, 1954. As the party having the affirmative of the issue, he had the burden of proving his case by a preponderance of the evidence. Even though his evidence was stronger than respondent's, that would not be sufficient to enable this court to reverse the commission and to order a decree entered in his favor, since it is expressly provided by the statute that the commission's findings of fact are conclusive. *Brown & Sharpe Mfg. Co.* v. *Lavoie,* 83 R. I. 335, 116 A.2d 181. The petitioner, being the moving party, can prevail here only if he can show that the evidence in support of his claim is undisputed and inherently credible, thus leaving no room for the commission to weigh the evidence or question the credibility of the witnesses. In such a case a finding contrary to the evidence would be an error of law which we could correct. *Walsh-Kaiser Co.* v. *Della Morte,* 76 R. I. 325; *Somerset Realty Co.* v. *Shapiro,* 51 R. I. 417.

From our examination of the transcript we find no evidence of that nature here. There is testimony, both medical and lay, that the injury which he suffered on November 16, 1948 was merely a contusion of the elbow. There is also evidence that petitioner never complained of an injury to his biceps or his shoulder. Furthermore it is undisputed that he worked without interruption except for two brief periods following two other injuries not connected with the one in question here, and that he earned full wages.

It appears that after November 16, 1948 he continued working as a weaver for respondent and its affiliate, Airedale Worsted Mills, Inc., until March 1953 when he was laid off for lack of work. After a brief interval of unem-

ployment he went to work as a weaver for the Guerin Mills Inc. It was while working there he received another injury to his arm, namely, a lacerated puncture wound of the left elbow which incapacitated him and for which he received weekly compensation from that employer. Finally on November 10, 1954 such compensation was commuted and settlement made in a lump sum of $1,749.

Thereafter, on December 14, 1954, the instant petition was filed, and for the first time petitioner claimed that as a result of the accident of November 16, 1948 he sustained injuries to his biceps and shoulder which were then incapacitating him from earning full wages. On the face of the record before us this seems a far-fetched claim with little if any credible evidence to support it. It was solely for the commission to determine whether such evidence was credible. *Antosia* v. *Crown Worsted Mills, Inc.*, 79 R. I. 205. On the other hand the record discloses evidence which would reasonably warrant the commission in rejecting it. If we were permitted by statute to weigh the evidence on this appeal we would have no difficulty in coming to the same conclusion as the commission. However, it is sufficient for us to say that, wholly aside from certain medical reports which petitioner contends were not in evidence, there is evidence to support the commission's findings.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*William R. Goldberg,* for petitioner.

*DiMascolo & DiPetrillo, Anthony DiPetrillo,* for respondent.