Francis J. Duffy *vs.* Glenlyon Print Works
A Division of Sayles Finishing Plants, Inc.

APRIL 29, 1959.

Present: Condon, C.J., Roberts, Paolino and Powers, JJ.

Roberts, J. This is an employee's original petition for workmen's compensation. From a decree of the workmen's compensation commission, entered on July 1, 1958, affirming the decree of the trial commissioner denying weekly benefits, the petitioner has appealed to this court.

On September 10, 1957, while employed as a calendar operator by respondent, petitioner suffered an injury to his back. He continued to work with no loss of earnings until November 26, 1957, at which time the plant in which he was employed ceased operations. On December 18, 1957

petitioner, while at home, bent over to tie his shoe and thereupon experienced pain in his back in the same location as that of his previous injury. Under the instant petition compensation is sought for the period beginning December 18, 1957.

In its decree the commission found that the injury which petitioner suffered on September 10, 1957 arose out of and in the course of his employment. However, it further found that as a result of the aforesaid injury petitioner suffered no loss of earning capacity. It is clear from the decision that the commission felt that there was no causal connection between petitioner's employment with respondent and the injury which incapacitated him on December 18, 1957.

The medical testimony was to the effect that petitioner had probably suffered a lumbosacral strain on September 10, 1957 and that on December 18, 1957 he reinjured the weakened ligaments in his back. The physician who testified on behalf of petitioner gave as his opinion that the disability which occurred on December 18 could not have happened without an "additional trauma of some type." It is significant that the medical witness testified that his first examination of petitioner was on January 21, 1958 and that, therefore, his opinion as to the effect of the September 10 injury was based exclusively upon the history given him by petitioner. The petitioner himself testified that immediately before the disabling incident of December 18 he felt that he was completely recovered from the injury of September 10.

He contends that on the undisputed evidence herein the injury which incapacitated him is compensable as a matter of law. He relies primarily on the case of *Palmer* v. *Friendly Pharmacy, Inc.*, 84 R. I. 98. He argues in effect that whenever an injury arising out of employment contributes to an eventual incapacity, the injured workman is entitled to compensation under the act. The difficulty with peti-

tioner's argument is that the record before us does not support the conclusions which we are urged to assume.

In our judgment the decree herein is based upon a simple factual finding that the injury alleged in the petition did not cause the incapacity shown by the evidence. Since the petitioner had the burden of proof as to causation, the finding of fact is conclusive unless the evidence in support thereof is undisputed and leaves no room for the weighing of evidence by the commission. *Mnych* v. *Lippitt Worsted Mills, Inc.*, 85 R. I. 288, 130 A.2d 547. Upon an examination of the record, we are of the opinion that the finding of the commission cannot be disturbed.

The petitioner stated that immediately prior to the incident of December 18, 1957 he felt that he was recovered from the injury of September 10. The physician who examined the petitioner based his opinion of the effect of the September 10 injury. entirely upon the history given by the petitioner after the December 18 incident. It is clear from the testimony that the opinion of this witness was not definite as to the nature and effect of the September 10 injury. In our opinion there is a failure of proof in this case.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Raymond A. LaFazia*, for petitioner.

*Worrell & Hodge, Eldridge H. Henning, Jr.*, for respondent.