MARIE C. MARTINO *vs.* B. A. BALLOU & COMPANY, INC.

JUNE 8, 1959.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

200

ROBERTS, J. This is an employee's original petition for workmen's compensation. The case was heard by a trial commissioner who entered a decree denying the petition. This decree was affirmed by the full commission, and the case is before us on the petitioner's appeal from such decree.

On May 26, 1955, while employed by respondent as a jewelry polisher, petitioner was struck on the left index finger by a metal block. From that date until June 30, 1955 she continued to work for respondent, and during this period she was treated by the plant physician. On June 30 she ceased work. A few days later she first consulted her own physician. The instant claim for compensation is based on petitioner's contention that her work stoppage on June 30 was due to physical inability to perform her job resulting from the injury of May 26.

The commission found as a fact that on May 26, 1955 petitioner suffered an injury arising out of her employment, connected therewith, and referable thereto. However, the commission further found that she had failed to sustain the burden of proving that she was incapacitated as a result of her injury. The commission was not convinced that petitioner left her employment on June 30 because of physical inability to perform her duties as a polisher. Such conclusion is a factual finding on the weight of the evidence. Since petitioner had the burden of proof on the issue of physical disability, the finding thereon cannot be disturbed unless the evidence in support of her contention is undis-

puted and inherently credible. *Mnych* v. *Lippitt Worsted Mills, Inc.*, 85 R. I. 288, 130 A.2d 547.

The evidence upon which petitioner relies is as follows. She testified that following the May 26 injury she experienced considerable difficulty in performing her work and that between May 26 and June 30 her finger became increasingly painful. She further stated that while working on June 30, the day she left the job, she again injured the same finger. The doctor who testified on behalf of petitioner expressed the opinion that she was totally disabled from July 1955 until two weeks before the date of the hearing and was partially disabled at the time of the hearing.

On cross-examination petitioner admitted that she was dissatisfied with the pay which she was receiving and prior to June 30 had been considering leaving the job. She admitted that between May 26 and June 30 she performed the work assigned to her. During the hearing the trial commissioner had the benefit of demonstrations indicating the nature of petitioner's duties and her ability to perform them without using her injured finger. As to the alleged aggravation of the injury which petitioner contended she had suffered on June 30, no corroboration of her statement was presented, and from the decision of the commission it appears that petitioner's testimony in this particular was not considered credible.

Although the medical witness testified on direct examination that petitioner was "disabled," his opinion was substantially qualified on cross-examination. The doctor stated that by "disabled" he meant only that petitioner had limitation of motion in her finger and did not mean that she was unable to work. This witness specifically declined to express an opinion as to petitioner's ability to perform her duties.

We deem it unnecessary to discuss the evidence in further detail. It is enough to note that upon the record before us doubts as to the credibility of the petitioner's evidence

202

would be justified as a proper exercise of the fact-finding function. Most of the evidence in this case was the subject of considerable conflict and in several important respects the petitioner's own testimony was inconsistent. Conclusions as to credibility are solely within the province of the commission. *Grieco* v. *American Silk Spinning Co.*, 75 R. I. 356. This rule is especially important where there has been a finding that the burden of proof was not sustained. *Baccari* v. *W. T. Grant Co.*, 73 R. I. 376. The finding of the commission that the petitioner did not prove any disability as a result of the injury of May 26 should not be disturbed.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Louis Kirshenbaum, Alfred Factor,* for petitioner.

*Boss, Conlan, Keenan, Bulman & Rice, John T. Keenan,* for respondent.