GEORGE L. GABORIAULT *vs.* RICHARD D. STODDARD *d.b.a.*
PEERLESS ROOFING COMPANY.

MAY 3, 1962.

PRESENT: Condon, C. J., Roberts, Paolino and Frost, JJ.

CONDON, C. J. This is an original petition for compensation which is here on the petitioner's appeal from a decree of the workmen's compensation commission denying and dismissing the petition on the ground that the petitioner had failed to prove by a fair preponderance of the credible evidence the injury alleged in his petition. In support of his appeal the petitioner contends that there is no legal evidence upon which such finding could be based, that the

commission placed undue weight on the testimony of Dr. John A. Cowell regarding the injury, and that the decree is otherwise erroneous because it is against the law and the evidence.

The petition alleged that petitioner sustained an injury to his right knee while working on a roofing job in the employ of respondent. It specifically alleged that on November 15, 1960 while working on a roof in Narragansett, Rhode Island, he was "on one knee when he attempted to arise his right knee gave out under him. On the preceding day, Nov. 14, 1960, while on a roof in Providence, R. I. and attempting to put his leg on a staging his leg slipped onto a ladder and he was left with his right leg in the gutter of the roof."

The evidence concerning the injury as thus alleged is in conflict. The petitioner testified that the present condition of his right knee is the result of the alleged accident. No one corroborates him. A fellow workman with him on both jobs testified that he knew of no injury to petitioner's right knee. The respondent testified that petitioner did not report such injury to him. He further testified that on several occasions prior to November 14, 1960 petitioner had complained to him of his right knee and that it had been giving him trouble for a long time.

The petitioner went to Dr. Cowell for treatment of the knee on November 16, 1960. Apparently in giving a history of his complaint he did not tell the doctor that he had injured it as alleged in his petition. However, he called the doctor as a witness and sought to have him testify that the history which the doctor had taken was not accurate. This the doctor refused to do. He testified that when petitioner first came to him he stated that he had injured his knee three or four months previously. The doctor further testified that when he examined petitioner's knee on November 16 it was not in the acute state it would have been if recently injured and that if it had been injured the injury

had occurred some time before and not within two or three days.

In the face of such record petitioner argues that there is no legal evidence to support the decree and that undue weight was placed upon Dr. Cowell's testimony regarding the date of the injury. With reference to the latter point petitioner cannot be heard in this court. We do not weigh the evidence or pass upon the credibility of the witnesses in a workmen's compensation case for the simple reason that the statute expressly provides that the commission shall be the final judges of the facts. *Ruggieri* v. *Bristol Mfg. Corp.*, 92 R. I. 365, 168 A.2d 726; *Martino* v. *B. A. Ballou & Co.*, 89 R. I. 199, 152 A.2d 102.

With reference to his first point we have carefully perused the transcript and find that there is ample evidence upon which the commission could rely for sustaining the commissioner's finding "that the injury could not possibly have occurred in the manner which the petitioner described it." In any event we must point out that petitioner had the burden of proof and that it was his duty to satisfy the commission by a fair preponderance of the evidence that he sustained an injury to his right knee at the time and place and in the manner alleged in his petition. His unsupported testimony to that effect did not satisfy the commission in view of other testimony strongly tending to discredit his testimony.

On our view of the record the petitioner's appeal does not appear to rest on any ground of appeal as set forth in G. L. 1956, §28-35-30, but rather on his dissatisfaction solely with the commission's finding of fact. Since such finding is, in the absence of fraud, conclusive there is no merit in any of the petitioner's reasons of appeal. *Brown & Sharpe Mfg. Co.* v. *Lavoie*, 83 R. I. 335.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded

334

to the workmen's compensation commission for further proceedings.

*Abraham Goldstein,* for petitioner.

*Joseph A. Kelly,* for respondent.