330 A.2d 413.
KEVIN OWEN MURRAY *vs.* LLOYD MANUFACTURING CO., INC.

JANUARY 15, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

DORIS, J. This is an employee's original petition for benefits under the Workmen's Compensation Act. The trial commissioner entered a decree awarding compensation to the employee. The employer duly appealed said decree to the full commission, which reviewed the decree appealed from and entered a final decree modifying the decree of the trial commissioner. From such decree, employer and employee have each appealed to this court.

The record establishes that on August 8, 1971, petitioner was employed by respondent as a serviceman when he suffered a work-connected injury to his back and neck. As part of his duties as a serviceman, petitioner was required to move barrels containing rubber which weighed approximately 150 to 200 pounds. The petitioner testified that on August 8, 1971, as he was moving a barrel it began to slip, and as he attempted to pull it back, he felt a sharp pain in his lower back. The petitioner reported the incident to his foreman, and he thereafter sought medical attention. He did not return to his job after the injury, but testified that on September 15, 1971, he became a full-time student at Providence College.

The trial commissioner made the following pertinent findings of fact:

(1) On August 8, 1971, petitioner sustained an injury to his back and neck arising out of and in the course of his employment with respondent.

(2) As a result of said injury, petitioner was totally incapacitated from August 8, 1971 to August 30, 1971, and

was partially incapacitated from August 30, 1971 to February 14, 1972.

(3) On February 14, 1972, petitioner had recovered from the injury and no longer was suffering any loss of earning capacity.

The decree entered by the trial commissioner awarded petitioner total compensation from August 8, 1971 to August 30, 1971, partial compensation from August 30, 1971 to February 14, 1972, and compensation for all reasonable medical and hospital bills. The respondent was ordered to reimburse petitioner the sum of $19.60 for the cost of subpoenas. The respondent was ordered to pay to Dr. Jane Holmes, Dr. Robert DeForest, Dr. Michael E. Scala and Dr. J. Wallace Conklin the sum of $50 each as an expert witness fee, and to Raul L. Lovett, Esquire, counsel for petitioner, the sum of $275 as counsel fee.

From this decree, respondent appealed to the full commission.

On its review of the record, the full commission found that petitioner was totally incapacitated from August 8, 1971 to August 30, 1971, and was partially incapacitated from January 3, 1972 to February 14, 1972, at which time he was fully recovered and was no longer suffering any loss of earning capacity.

The full commission entered a new decree which awarded petitioner total compensation from August 8, 1971 to August 30, 1971, partial compensation from January 3, 1972 to February 14, 1972, and compensation for all reasonable medical and hospital bills. The decree ordered respondent to reimburse petitioner the sum of $19.60 for the cost of subpoenas, and ordered respondent to pay to Dr. Scala and Dr. Conklin the sum of $50 each as an expert witness fee, and to Raul Lovett, Esquire, counsel for petitioner, the sum of $275 as counsel fee.

We first consider petitioner's appeal, in which he argues in substance that the full commission erred when it failed to find that petitioner was incapacitated from August 30, 1971 to February 14, 1972. The petitioner argues that based on the testimony of Dr. Scala and Dr. Conklin, the only reasonable inference to be drawn by the full commission was that petitioner was partially incapacitated from August 30, 1971 to February 14, 1972.

In its decision, the full commission stated, "It seems to us that petitioner, who was then 18 years of age, had recovered from the effects of the injury sustained on August 8, 1971 * * *."

The commission relied on the testimony of Dr. Jane Holmes, petitioner's attending physician, who testified that on August 30, 1971, petitioner's low back was fine and that his only remaining problem was muscular discomfort. The commission concluded that petitioner had recovered from the injury sustained on August 8, 1971, and that from the period following August 30, 1971, petitioner had failed to prove any loss of earning capacity due to the injury of August 8, 1971.

In passing on an appeal from a final decree of the full Workmen's Compensation Commission, this court has the duty to examine the record in order to determine whether the findings of fact set forth therein are supported by any competent evidence, and on the basis of such examination, sustain, modify or reverse the decree as circumstances may require. *Perron* v. *ITT Wire & Cable Div.*, 103 R. I. 336 at 341, 237 A.2d 555 at 558 (1968); *Brown & Sharpe Mfg. Co.* v. *Lavoie*, 83 R. I. 335 at 343, 116 A.2d 181 at 186 (1955).

Here, our examination of the record convinces us that the commission was justified in relying on the testimony of Dr. Holmes, as her evidence was a competent legal

basis for the commission's determination as to petitioner's incapacity.

We next consider respondent's appeal, in which it is alleged in substance that the full commission erred when it found that petitioner was totally incapacitated from the period from August 8, 1971 to August 30, 1971. The respondent contends that the reasonable inference to be drawn from the testimony of Dr. Holmes was that petitioner was capable of doing light work, and that the commission should have found petitioner to be only partially incapacitated. We do not agree. Our examination of the record convinces us that the testimony of Dr. Holmes was competent evidence on which the commission could base its finding that petitioner was fully incapacitated for the period August 8, 1971 through August 30, 1971. *Brown & Sharpe Mfg. Co.* v. *Lavoie, supra.*

The respondent further argues that the full commission erred when it found that petitioner was partially incapacitated from January 3, 1972 through February 14, 1972.

The commission relied on the testimony of Dr. Conklin, a neurologist who treated petitioner on January 3, 1972, January 17, 1972, January 31, 1972, and February 14, 1972, and the testimony of Dr. Scala, who treated petitioner on January 6, 1972, January 21, 1972, February 4, 1972 and February 18, 1972. It then concluded that petitioner was partially incapacitated from January 3, 1972 to February 14, 1972, and ordered partial compensation paid to petitioner for that period.

Our examination of the record convinces us that the testimony of Dr. Scala and Dr. Conklin was competent evidence on which to base the finding that the petitioner was partially incapacitated for the period of January 3, 1972 to February 14, 1972. *Brown & Sharpe Mfg. Co.* v. *Lavoie, supra.*

The petitioner's appeal is denied and dismissed, the respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the Workmen's Compensation Commission.

*Lovett & Linder, Ltd., Raul L. Lovett,* for petitioner.

*Anderson & Kane, Vincent F. Kane,* for respondent.