HAROLD E. FRENIER *vs.* UNITED WIRE & SUPPLY CORP.

JANUARY 6, 1956.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This cause was commenced by an employee's petition to review an agreement for workmen's compensation which had been approved under the act then in force, general laws 1938, chapter 300. After a hearing the director of labor rendered a decision finding the petitioner no longer totally incapacitated and ordering the respondent to pay compensation on the basis of partial incapacity as therein described. From that decision the employer appealed to the superior court. However, while the matter was being heard *de novo* in that court the employee filed another petition to have the employer adjudged in contempt for failing to pay the maximum partial compensation under the agreement. The two petitions were heard together and thereupon a final decree was entered denying both of them. The cause is before this court on the employee's appeal from that decree but only in so far as it concerns the denial of his petition to adjudge the employer in contempt.

It is not disputed that the petitioner employee suffered a compensable injury which was totally incapacitating, and that he was paid compensation in accordance with a preliminary agreement which was approved by the director of labor. Following his return to work he was again totally incapacitated and compensation accordingly was paid until March 3, 1952 when petitioner returned to lighter work for respondent.

Subsequently, after so working for more than a month, a new agreement was entered into by the parties on May 14, 1952 and was duly approved by the director of labor on June 4, 1952. This is the agreement which is the subject of the instant petitions for review and for contempt. Thereunder petitioner was to be paid compensation at varying rates per week based on the difference between an average weekly wage of $82.32 and his present actual weekly wages for the duration of partial incapacity or until otherwise terminated in accordance with the act. He continued to perform such light work until Friday, August 29, 1952, when he was laid off because of lack of work.

During the period from March to August 1952, when petitioner was doing such light work for respondent, he had been paid compensation according to the provisions of the new agreement, that is, based on the difference between his present actual earnings from the light job and his average regular weekly wage. Since August 30, 1952 the employer, upon its own computation, has paid him an amount equal to the statutory percentage of the difference between his regular weekly wage of $82.32 and the average amount of his actual earnings during the period when he was performing light work before the date of his discharge. After that date petitioner was neither rehired nor offered light work by respondent. Moreover up to the time of the hearing, apart from an inconsequential exception, he claims to have been unable to obtain any other light work which was within his capacity to perform.

The petitioner contends in substance that the new agreement entered into May 14, 1952 called for payments of compensation for the duration of partial incapacity or until otherwise terminated in accordance with the provisions of the act; that such provisions could be modified only by the director of labor in the first instance and a judge of the superior court on appeal; that such agreement has not been so modified in accordance with the act; and therefore that

he is now entitled to maximum compensation for partial disability, since the difference between his former average regular wage and his present actual earnings is more than the $18 per week, which is the maximum for partial incapacity if computed under the statute. According to his contention, the employer took upon itself the authority to establish the extent of the employee's partial incapacity on the basis of wages received during the period of "made" work and then projected those figures into the future period after petitioner had been discharged and was receiving no wages at all. He claims the employer has no such legal authority under the act.

The narrow question here is whether the respondent employer was in contempt after August 30, 1952, when it was paying only $10.52 weekly as partial compensation under the agreement rather than $18 per week, which would be the maximum compensation for partial incapacity under the act. The respondent concedes that if the agreement had ordered the payment of compensation for partial incapacity at the rate of $18 per week, or even some exact amount of money more than $10.52, it would be governed by the law stated in cases like *Carpenter* v. *Globe Indemnity Co.*, 65 R. I. 194, and *Gobeille* v. *Ray's Inc.*, 65 R. I. 207.

However, it seeks to distinguish its position therefrom, because the agreement under consideration did not state any exact amount but contemplated variable amounts to be computed according to his demonstrated earnings. It further contends that petitioner had sufficiently established the extent of his partial incapacity when he performed light work for the period between March and August 1952; that the formula adopted by respondent was based on such demonstration and reflected the extent of his incapacity and earnings, which were properly projected into the future as the trial justice ultimately found; that to the date of the hearing it has paid all amounts due under such appli-

cation of its formula; and that respondent therefore is not in contempt.

In the circumstances of record the difficulty with this contention is twofold. First, the respondent thereby erroneously claims the right to make its own determination as to the extent of petitioner's partial incapacity. Having thus made a formula and decision which were based on the conditions when he was given light work and was receiving wages, it then projects such conclusion into a period after he had been discharged, was not able to get work, and was not receiving any wages at all. Secondly, it assumes in effect that respondent may itself change or modify the agreement, which has the force of a decree, without filing a new agreement with the approval of the director of labor or a petition for review to be determined in accordance with procedures under the act.

If respondent at the time of petitioner's discharge desired to have the agreement modified so as to order payment of the weekly amount of $10.52 in accordance with what it claims to have been the demonstrated extent of his partial incapacity, it had no authority under the act to make this change on its own determination and computation. It was necessary to seek such modification and approval in accordance with readily available proceedings under the act. See *Brown & Sharpe Mfg. Co.* v. *Giacoppa,* 69 R. I. 378. This was not done. Therefore the agreement remained in force according to its express terms which did not include an order to pay *only* such a specific amount. Whatever may be said for respondent's good faith and the equity of its formula in practical application, the fact is that it had not sought or received prior approval by the director of labor or by the court in accordance with the act. The determination of the extent of partial incapacity under the act requires such prior approval.

In our judgment the orderly administration of the act, including the enforcement of agreements and decrees for

compensation thereunder, will be better accomplished by adhering to the procedures which have been indicated in cases like *Carpenter* v. *Globe Indemnity Co.* and *Brown & Sharpe Mfg. Co.* v. *Giacoppa, supra.* While in certain respects those cases perhaps involve more specific decrees or some other facts, nevertheless we are of the opinion that the underlying principle is the same and should be applied here with equal force.

Nor do we think the respondent in the instant case gains anything because the trial justice, on hearing the petition for contempt, made certain findings as to the propriety of the amount of the payments which had been made by respondent according to its own projected formula. In our judgment, when the trial court is hearing a petition for contempt to enforce payment of an approved agreement or decree under the act, a narrow issue is presented for decision. Such a petition should not be confused with a petition for review. Therefore the only question here presented was whether the respondent had complied with the terms of the approved agreement. Upon such a hearing for contempt the trial court has not the power to modify the agreement *retroactively* and then in effect to determine respondent's conduct according to the agreement *as thus modified.*

We are of the opinion that in so doing the trial justice was in error; that in the circumstances respondent should have been adjudged in contempt; and that it should have been given the opportunity to purge itself thereof by paying the balance between the weekly amounts of $10.52 already paid by it and the sum of $18 per week for maximum partial compensation until the agreement in question is properly modified under the act.

The petitioner's appeal is sustained and the decree appealed from is reversed so far as it concerns the petition and adjudication for contempt. In the peculiar circumstances the cause is remanded to the justice of the superior

court who heard the matter with direction to enter a new decree in accordance with this opinion, and thereupon to remand the cause to the workmen's compensation commission for further proceedings.

*William R. Goldberg,* for petitioner.

*Worrell & Hodge, Lee A. Worrell,* for respondent.