CHARLES ENOS *vs.* ABRASIVE MACHINE TOOL COMPANY.

AUGUST 13, 1956.

PRESENT: Flynn, C.J., Condon, Roberts, Andrews and Paolino, JJ.

ROBERTS, J. This is an employee's petition to review a preliminary agreement for compensation under the workmen's compensation act, general laws 1938, chapter 300, as amended by public laws 1954, chapter 3297. The case was heard before a single commissioner of the workmen's compensation commission whereupon a decree was entered granting the petition and ordering payment of compensation based upon maximum partial incapacity. The employer appealed therefrom to the full commission which, after hearing, entered a decree affirming the decree of the single commissioner. The case is before us on the respondent employer's appeal from such decree.

The following facts appear in evidence and are not substantially disputed. The petitioner was injured on December 4, 1952 by an accident arising out of and in the course

of his employment by the respondent. Under a preliminary agreement entered into by the parties, the injury was described as "big toe of left foot crushed—surgically amputated." The petitioner was compensated according to the terms of the preliminary agreement.

On July 7, 1953 petitioner, under a customary suspension agreement, returned to work with respondent with the understanding that he was to be given light work at which he could sit and be permitted to rest when his left foot became sore or swollen. In September of 1953 petitioner was duly ordered to return to his regular work, which was heavy work requiring him to stand and to periodically thrust the weight of his body onto his left leg and foot. He attempted to do this work under the usual conditions but his efforts were unsatisfactory to the respondent. Continuous standing caused his injured foot to become swollen and painful, and on October 19, 1953 he was obliged to terminate his employment with respondent. Thereafter petitioner attempted to find employment within the scope of his capabilities and as recommended by his physician. This he did on his own initiative, in part under the auspices of the Rhode Island State Employment Service and at the Vocational Rehabilitation Center. He held a job for about two weeks with the Beacon Upholstery Company and again for a short period with the Cook Yarn Dye Mills, Inc., but such employment was beyond his physical abilities and he was forced to terminate it.

The respondent contends that the commission misconceived the law with respect to the burden of proof in cases of this nature. It is argued, first, that they erroneously imposed such burden upon respondent to show the extent of the loss of petitioner's earning capacity, and second, that they erroneously failed to require petitioner to prove his loss of earning capacity with reasonable definiteness.

In our judgment there is no merit in respondent's first contention. The commission has correctly stated the law

to be that the burden of proving any injuries and decrease in earning capacity therefrom rests upon the party alleging them. *Wareham* v. *United States Rubber Co.*, 73 R. I. 207. We have carefully examined the instant decision and decree and have been unable to find any ruling or statement of the commission expressly or impliedly imposing the burden of proof on respondent. We cannot agree that such error is manifest in the decree or that it is indicated therein.

The respondent's argument that the commission erred in that they did not require petitioner to prove his loss of earning capacity with reasonable definiteness is not consistent with our decision in the case of *Leonardo* v. *Uncas Mfg. Co.*, 77 R. I. 245. In that case we held that where an employee establishes partial incapacity due to accidental injury and the respondent has refused him work within his physical capacity, and where the petitioner in good faith has made reasonable but unsuccessful attempts to obtain such employment elsewhere, he has met the burden of proof prescribed in the cited cases and has made a prima facie case for an award of maximum partial compensation. In other words, the *Leonardo* case states clearly what constitutes compliance with the requirement of proof with reasonable definiteness as to the extent of a loss of earning capacity.

We are of the opinion that there is evidence here on which the commission could find that petitioner has met this burden. We recognized in the *Leonardo* case that the statute does not provide a precise method or formula for determining the loss of earning capacity, and therefore we adopted a liberal interpretation of the act by approving a method that would effectuate its purpose in this respect.

The commission here found on the evidence that there was partial incapacity; that the respondent had refused work to petitioner within his physical capacity; and that petitioner in good faith sought employment within his ability to perform. They awarded maximum partial com-

pensation and we are of the opinion that this was not a misapplication of the law.

The respondent further argues that the award of maximum partial compensation from October 20, 1953, excepting one week in March 1954, was without legal evidence to support it. We have examined the transcript carefully and have concluded that there was legal evidence to support the commission's findings, particularly in the testimony of the medical witnesses who testified on petitioner's behalf. We point out that findings of fact by the commission in the absence of fraud are conclusive and binding on this court and are not subject to review. *Brown & Sharpe Mfg. Co.* v. *Lavoie,* 83 R. I. 335, 116 A.2d 181.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Carroll & Dwyer, Robert L. Kiernan,* for petitioner.

*Francis V. Reynolds, Richard P. McMahon,* for respondent.