UNITED WIRE & SUPPLY CORPORATION *vs.* HAROLD E. FRENIER.

JANUARY 10, 1958.

PRESENT: Condon, C. J., Roberts, Andrews and Paolino, JJ.

ROBERTS, J. This is a petition for review filed by an employer which also gave notice therewith under the workmen's compensation act of its intention to discontinue payment of partial compensation to the employee. The matter was heard by a single commissioner who thereafter entered a decree allowing the petitioner to suspend payment of partial compensation. This decree was appealed to the full commission which, after hearing thereon, entered a decree affirming the decree of the single commissioner. From that decree the respondent has appealed to this court.

It is not disputed that on October 13, 1951, while employed by petitioner, respondent was injured and under a preliminary agreement was thereafter paid compensation for total disability until March 3, 1952. At that time he returned to the employ of petitioner to do light work, and on May 14, 1952 the parties entered into a new agreement wherein petitioner agreed to pay to respondent compensation for partial disability based on the difference between his actual earnings for performing light work and his aver-

age weekly wage at the time of injury, which had been agreed upon as $82.32.

In a subsequent proceeding initiated by respondent, the superior court declined to adjudge petitioner in contempt on charges that it did not comply with the provisions of the agreement of May 14, 1952. An appeal was taken to this court and thereafter, at our direction, the superior court entered a decree on January 19, 1956 adjudging petitioner in contempt for failing to comply with the terms of the agreement of May 14 and permitting it to purge itself under the terms stated. See *Frenier* v. *United Wire & Supply Corp.*, 83 R. I. 472, 119 A.2d 724.

When petitioner filed this petition for review it followed the rule laid down in *Ottone* v. *Franklin Process Co.*, 76 R. I. 431, 437, and directed the petition to the order last entered, that is, the decree of January 19, 1956, wherein petitioner was adjudged in contempt, and it filed a copy of said decree with its petition. In that decree, however, specific reference is made to the agreement of May 14, 1952 and makes the terms thereof the subject matter of this review. In other words, it makes this a petition to review the terms of the agreement of May 14, 1952.

The respondent, in arguing before this court, raised for the first time the question of whether the commission had jurisdiction to hear the petition, petitioner having failed to accompany its petition with a certified copy of the agreement to be reviewed, that is, the agreement of May 14, 1952. The provisions of rule 33 of the rules and regulations of the workmen's compensation commission require that, when filed, petitions for review should be accompanied by a certified copy of the agreement to be reviewed. In our judgment it is not necessary that we pass upon the question of whether the requirements of rule 33 were satisfied by filing with this petition a certified copy of the decree of January 19, 1956. We have examined public laws 1954, chapter 3297, article III, sec. 3 (e), which confers rule-

making power upon the commission, and are of the opinion that the authority conferred is limited to matters procedural, and that the commission may not in the exercise of that power effect an enlargement or diminution of the jurisdiction conferred upon it by the legislature. It is our opinion that no question of jurisdiction was raised.

The respondent also argues here that the clerk of the commission improperly gave notice to petitioner that it could suspend compensation payments pending a hearing claimed by the employee on the question of whether he had returned to work at an average weekly wage equal to or in excess of that which he was earning at the time of his injury. The respondent claims that the provisions of art. III, sec. 12, require that the commission give such notice. The petitioner argues that respondent failed to specify such claim of error in his reasons of appeal from the decree of the single commissioner to the full commission and that, therefore, he cannot raise the question in this court for the first time.

We have carefully examined the record and particularly respondent's reasons of appeal from the decision of the single commissioner, but it does not appear that he specified this error in his reasons of appeal to the full commission. We have held that where a party desires to make a specification of error to this court, whether procedural or substantive, he must specifically set forth his claim of error in his reasons of appeal to the full commission so that the full commission may have an opportunity to pass upon the question. Where there is a failure to set out the claim of error in the reasons of appeal to the full commission, the appellant is precluded from raising the question here. *Brown & Sharpe Mfg. Co.* v. *Lavoie,* 83 R. I. 335, 339, 116 A.2d 181, 183.

There remains respondent's contention that the finding of the single commissioner was not supported by legal evidence. An examination of the record reveals that petitioner

put in evidence a transcript of the wages earned by respondent from his present employer for the weeks of March 17 and March 24, 1956. It is not disputed that in each of those weeks he earned wages which were in excess of his average weekly wage when injured.

On the other hand, respondent put in evidence a series of payroll vouchers issued to him by his present employer beginning with the week of January 14, 1956 and ending with the week of April 28, 1956. These payroll vouchers were introduced for the purpose of showing that in each of these weeks, excepting the two selected by petitioner, respondent earned a wage which was less than the average weekly wage which he earned at the time of his injury. Many of these vouchers reflect a short workweek and respondent in his testimony explained this by stating that when he did not work a full week it was either because he wanted time off or his employer had no work for him.

It appears to us that while respondent claims he is arguing an absence of legal evidence to support the decree, he is in fact arguing that the decree was contrary to the weight of the evidence. This court, when reviewing decrees of the workmen's compensation commission, will not weigh the evidence, since it is well settled that the weight of the evidence is for the commission and will not be considered by us on review. *Northrop* v. *Uncas Mfg. Co.*, 84 R. I. 418, 124 A.2d 876.

It is our opinion that the evidence to which we have referred was sufficient legal evidence to support the finding of the single commissioner that respondent's loss of earning capacity had ended and that he no longer had a compensable disability under the act. It may be reasonably inferred from such evidence that for a period of three months or more this respondent in his present employment was capable of earning an average weekly wage which was equal to or in excess of that which he earned at the time he was injured when he wanted to work full time. It is

clear from his own testimony that when he did not work a full week it was because he either did not want to or there was no work available to him.

The commissioner, in our opinion, was warranted in inferring that respondent was not prevented from earning a full weekly wage during that three-month period because of continuing disability resulting from the injury of October 13, 1951. We are of the opinion that there was legal evidence to support the finding of the commissioner and when findings of fact are made on the basis of such evidence, in the absence of fraud they are conclusive and binding upon this court. *Enos* v. *Abrasive Machine Tool Co.*, 84 R. I. 454, 125 A.2d 111.

There is no merit in the respondent's contention that because there was no evidence adduced showing a complete recovery from the injury the finding was without legal evidence. It was not required of the petitioner to prove a complete absence of residuals of the injury sustained. It was sufficient for the purposes of its petition if it established that the respondent's loss of earning capacity had ended. Under the act, compensation is paid for loss of earning capacity flowing from an injury and not for the injury itself. *Brown & Sharpe Mfg. Co.* v. *Vincent*, 73 R. I. 309.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Worrell & Hodge, Lee A. Worrell,* for petitioner.

*William R. Goldberg,* for respondent.