FREEMAN GRAY *vs.* EDWARD KAGAN *et al. d.b.a.*
KAGAN BROS.
FREEMAN GRAY *vs.* EDWARD KAGAN *et al. d.b.a.*
KAGAN BROS.

APRIL 15, 1958.

PRESENT: Condon, C. J., Roberts, Andrews and Paolino, JJ.

ANDREWS, J. These are two petitions by an employee which were brought under the workmen's compensation act. The first case is an original petition which was changed to a petition to amend and the other case is a petition to review. They were heard together before a single commissioner and two decisions were filed. Separate decrees, prepared by the respondents' counsel, were entered denying the first petition *in toto* and granting the second petition only to the extent of awarding the petitioner compensation for total incapacity for two weeks. The petitioner appealed

both cases to the full commission, which affirmed the decrees of the single commissioner, but included in the decree on the petition to amend a finding that "The petitioner sustained no injury on May 17, 1955 other than a low back strain while performing his duties for the respondent." Thereafter the petitioner appealed both cases to this court.

No amended petition was filed, but it appears that under the first petition the employee sought to add other injuries to the agreement and to change his average weekly wage. His other petition is on one of the old forms and conveys little or no information but in his brief he states that he sought: "(a) Maximum partial or total from December 1955 to May 1, 1956; (b) Total for two weeks in the summer of 1956; (c) Total from December 28, 1956 to February 18, 1957; (d) Partial from February 18, 1957; (e) Approval of medical care for his injury."

The petitioner, a painter, injured his back on May 17, 1955 while working for respondents. The parties entered into a preliminary agreement which described the injury as "low back strain" and provided for total incapacity payments of $32 a week based on an average weekly wage of $62. On June 30, 1955 petitioner returned to work for *another employer,* Karl Kuntzman, and signed a suspension agreement. He testified that he then had "a dull ache in the lower part of the back" although Dr. Ernest D. Thompson had advised him that he could return to work at that time. The petitioner did lighter work for this new employer than he had done for respondents, and he continued such employment until December of that year when he was laid off for lack of work. At the hearing he stated that he lost some time during that period but he could not give dates or the actual time lost, and consequently no award could be made on this indefinite testimony. He persistently refrained from calling Karl Kuntzman to show his actual wages and absences, if any, during this period.

In his brief petitioner states that he was laid off because

he took days off on account of his back and he gives transcript references to support that claim. These references, however, show that the only answer intimating that such was the case was stricken and objections to questions seeking such an answer were sustained. Following this layoff petitioner sought employment but there is no evidence that he was refused work because of his injury.

The petitioner returned to work for Karl Kuntzman about the first of May 1956, having collected unemployment compensation in the meantime. He was out of work for two weeks in July of that year on account of his back and for those weeks the commission awarded him compensation for total incapacity. He was then employed until December 28, 1956 when he was again laid off for lack of work. He testified that he was making $75 a week at that time. He sought employment but without success, but it does not appear that it was his back that kept him from getting a job. At no time did he seek work from respondents.

He again returned to Karl Kuntzman on February 19, 1957 but because employment was slack he did not earn $62 a week. He testified that if a 40-hour week were available he would work it and receive $1.75 per hour. This means that his injury did not prevent him from earning $70 a week. At the time the hearing before the trial commissioner ended on February 25, 1957 he was earning $1.75 per hour. There was medical evidence that his only injury was the low back strain, the one mentioned in the preliminary agreement. There was no evidence of any unpaid medical bills. The petitioner admitted that his average weekly wage was $62.

Shortly before the appeals came on for hearing before us respondents' counsel discovered that a mistake had been made in wording the findings in the decree in the petition to review and asked us to allow an amended decree to be filed in each case containing the proper findings based upon

the decision. The petitioner's counsel objected but cited *Caspar* v. *East Providence Artesian Well Co.*, 49 R. I. 8, which involved a similar situation. It was there stated at page 10: "We shall consider this appeal upon the real question raised upon the findings of fact in the rescript and disregard the error in the decree." We shall so consider the instant appeals.

We have examined the decisions and are of the opinion that the findings contained in the proposed amended decrees are called for by such decisions. They read as follows:

"1) That the employee for two weeks during the summer of 1956 was totally incapacitated for work by reason of the injuries stated in the preliminary agreement.

2) That the employee is still suffering from the residuals of the injury stated in the preliminary agreement and may be in need of continued medical treatment for this injury.

3) That the employee is partially disabled as a result of the effects of his original injury, but he has suffered no loss of earning capacity.

4) The average weekly wage of the employee as stated in the preliminary agreement is $62.00.

5) That the employee has an earning capacity of $70.00 a week.

6) That the employee presented no evidence that there was any unpaid medical bills incurred by him for treatment of the condition described in the preliminary agreement.

7) That the evidence presented indicates that the employee has no other condition than that of a low back strain and that is the condition which was described in the preliminary agreement.

8) That the preliminary agreement correctly sets out the injury sustained by the employee.

9) That the average weekly wage as set out in the preliminary agreement is correct."

In our judgment there is support for each of these findings

in the evidence which we have outlined and therefore respondents' motion to amend the decrees is granted.

In each appeal petitioner has a reason of appeal in which he claims that he "should have received partial and/or total disability benefits to the date and continuing thereof until such time as he shall have recovered." In his oral argument he claimed that inasmuch as his back was not cured he should receive total or partial compensation when he was not working or when he did not receive $62 per week even though his loss of wages was not due to his injury.

In a long line of decisions beginning with *Weber* v. *American Silk Spinning Co.*, 38 R. I. 309, which was decided in 1915 shortly after the workmen's compensation act was adopted in 1912, this court has held that compensation is payable only for loss of earning capacity caused by the injury. The petitioner claims, however, that the statute under which those cases were decided, section 11 of article II of the act, has been changed by a proviso added thereto by public laws 1956, chapter 3784, now general laws 1956, §28-33-18, which reads in part as follows:

"* * * provided, further, however, that where a partially incapacitated employee has made a bona fide attempt without success to obtain suitable work he is able to perform and the employer is unable to offer the employee suitable work he is able to perform or is unable to present evidence that such suitable work is available elsewhere, then said employee shall receive as weekly compensation the amount payable for total incapacity."

We do not agree. Under section 11 as it originally read, many a partially incapacitated employee was unable to show the extent in dollars of his earning capacity. This prevented him from getting the statutory percentage of the difference between an unknown figure and the known figure, his average weekly wage. See *Panzarella* v. *United States Rubber Co.*, 81 R. I. 149, 157. It is our opinion that this and prior provisos were added to section 11 to facili-

tate such proof. They were not substantive changes in the law but were merely procedural devices to assist an incapacitated employee in proving his case. The petitioner states in his brief that in *Imperial Knife Co.* v. *Gonsalves*, 86 R. I. 68, 73, 133 A.2d 721, 724, we held, as in fact we did, that the quoted proviso was procedural. The substantive law still is that ordinary compensation is paid only for incapacity for work caused by the injury stated in the agreement or decree.

The petitioner has not yet put himself in the "partially incapacitated" class and until he does so he is not in a position to claim the aid of the proviso. Said section 11 deals only with *partially* incapacitated employees. This proviso is by its very terms so confined, since it reads: "* * * where a partially incapacitated employee has * * *."

By the agreement which petitioner signed on June 28, 1955 his compensation was suspended. By his second petition he sought to review that agreement and under the review section, now G. L. 1956, §28-35-45, he had the burden of proving that his incapacity because of his injury had "returned." This, except for two weeks, he failed to do. *Trotta* v. *Brown & Sharpe Mfg. Co.*, 86 R. I. 247, 134 A.2d 173.

The petitioner cites cases from other jurisdictions and short notes from NACCA Law Journal in an attempt to show that the rule of the *Weber* case should be changed. Each state has its own particular statute and the courts of those states seem to have had as much difficulty as we have had with partial incapacity.

In his supplemental brief petitioner cites three of our cases as supporting his position, *Rau Fastener Co.* v. *Carr*, 74 R. I. 284, *Frenier* v. *United Wire & Supply Corp.*, 83 R. I. 472, 119 A.2d 724, and *Enos* v. *Abrasive Machine Tool Co.*, 84 R. I. 454, 125 A.2d 111. In the *Rau Fastener Co.* case the trial justice found that the employee was *partially incapacitated* from earning full wages. Here we have no

such finding. The finding in the instant case reads as follows: "That the employee is partially disabled as a result of the effects of his original injury, but he has suffered no loss of earning capacity." In the *Frenier* case the respondent was held in contempt for failure to pay compensation in accordance with an outstanding agreement. And in the *Enos* case there was also a finding of *partial incapacity* and the court seems to have based its decision on a prior proviso in said section 11. When these cases are read in the light of their facts they do not show a departure from the rule of *Weber* v. *American Silk Spinning Co.*, 38 R. I. 309.

The petitioner's appeal in each cause is denied and dismissed, the amended decrees are approved, and each cause is remanded to the workmen's compensation commission for further proceedings.

*John Quattrocchi, Jr.,* for petitioner.

*Worrell & Hodge, Paul H. Hodge,* for respondents.