WILLIAM TAYLOR *vs.* ARTIE'S AUTO SALES, INC.

MAY 29, 1959.

PRESENT: Condon, C. J., Roberts, Paolino and Powers, JJ.

POWERS, J. This is an original petition for compensation under the provisions of the workmen's compensation act. The case is before us on the petitioner's appeal from a decree of the full commission affirming the decree of the trial commissioner.

The petitioner's reasons of appeal are five in number but are substantially based on the usual reasons that the decree is against the law, against the evidence and against the law and the evidence and the weight thereof.

It is undisputed that while in the employ of respondent on January 19, 1957 petitioner sustained a back injury which arose out of and in the course of his employment, and that by reason of such injury he was partially disabled. The sole issue is whether or not there is a loss of earning capacity from his injury.

The pertinent evidence discloses that petitioner was employed by respondent as an automobile salesman for which he was compensated partially by salary and partially by commission. At the time of his injury he received a weekly salary of $35 and a commission of $25 for each car sold by him, although he testified that on at least two occasions the agreed commission was not paid in full because respondent claimed it was not making enough on the car. The petitioner's employment continued until the end of October 1957 when he left because respondent was about to liquidate its business. The petitioner testified that during the last five or six weeks of his employment with respondent the latter increased his weekly salary to $45 and his commission to $30 for each car sold.

It further appears that from 1952 to the conclusion of the hearing by the commission the petitioner had been employed by several automobile dealers, including respondent. The duration of employment and the terms of compensa-

tion with each dealer varied considerably. The petitioner was employed by one dealer for as long as four years and by another for as briefly as four weeks. In some instances his compensation consisted of a fixed weekly salary plus a commission of 3 per cent on the cash difference between the purchase price of the car and the amount allowed on the car taken in trade. In other cases his compensation was a fixed weekly salary plus a fixed amount for every car he sold. Each employer paid petitioner under different terms of compensation and no two were alike.

The petitioner testified that each day his duties consisted of starting up the used cars, changing their location on the lot, answering telephone inquiries, talking with prospective customers who visited the lot, and following up leads. He further testified that prior to his injury he was able to devote his time in the evening to soliciting customers by calling on his friends and neighborhood organizations. However, after the injury he felt unable to continue this practice because of pain and fatigue which he attributed to the injury. He further testified that he was unable to get into and out of cars to start them up or change their location without extreme discomfort, and his employers knowing of his condition did not require him to do so. In this connection he stated that this probably did not affect his salary or commission.

The petitioner introduced as evidence of his earnings with several employers a copy of his income tax return for wages earned in 1956 with Central Motors, a letter from respondent showing his weekly earnings from November 1956 to October 25, 1957 when his employment with respondent terminated, a copy of the payroll record of New England Motors, and a letter from the treasurer of Bunting Oldsmobile, Inc. showing his weekly earnings during the periods of his employment with that concern. He relied on his oral testimony as to his earnings with Long Oldsmobile, which

began while the hearing before the single commissioner was in progress and covered some two weeks.

The trial commissioner found that petitioner's average weekly wages were $68.95 before the injury and $64.41 thereafter. The petitioner claims, therefore, that he is entitled to 60 per cent of the difference between $64.41 and $68.95 as provided by the workmen's compensation act.

In reaching his decision the trial commissioner correctly observed: "This would be true if I could find that this petitioner earned less money subsequent to his injury than he did before *by reason of the injury;* but this I am unable to do. There are so many factors that go to make up the income of a salesman of used automobiles that I do not believe that the petitioner has proved that it was due *to his injury* that he earned less money." We cannot say that the full commission erred in affirming the decree of the trial commissioner.

In any petition for compensation the petitioner has the burden of proving that his loss of earnings resulted from his injury. It is the well-settled rule in this jurisdiction that incapacity is compensable only for a loss of earnings resulting therefrom. *Weber* v. *American Silk Spinning Co.,* 38 R. I. 309; *Gray* v. *Kagan,* 87 R. I. 264, 140 A.2d 269.

We have carefully examined the record and are of the opinion that the trial commissioner was warranted in reaching the conclusion that petitioner's loss of earnings was not the result of incapacity occasioned by his injury. The varying terms of compensation with his different employers subsequent to the injury, both as to weekly salary and rate of commission, support the inference that these and not incapacity resulting from the injury were responsible for his reduced income.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded

to the workmen's compensation commission for further proceedings.

*John Quattrocchi, Jr.,* for petitioner.

*Boss, Conlan, Keenan, Bulman & Rice, John F. Dolan,* for respondent.